Shirley W. Kram, J.
The Law Guardian made a motion to dismiss the within petition on the ground that this court lacks jurisdiction since the acts alleged do not state an act which would be a crime if committed by an adult and therefore this court cannot make a finding of delinquency.
Respondent, Charles W., is charged with committing acts if done by an adult would constitute the crime of criminal mischief under section 145.00 of the Penal Law. The petition alleges that respondent did intentionally and deliberately deface a wall on a subway station platform by writing the word ‘ ‘ Satan Spades ’ ’ with a black magic marker.
Section 145.00 of the Penal Law provides that: “A person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he has such right, he: 1. Intentionally damages property of another person; or £. Recklessly damages property of another person in an amount exceeding two hundred fifty dollars.”
The Law Guardian contends that the respondent was improperly charged with section 145.00 of the Penal Law when in fact he should have been Charged with a violation of the New York City Transit Authority Rules (§ 701.1 [e]) or section *371 145.30 of the Penal Law which is unlawfully posu^ig advertisements. Both of the above sections are mere violations and if the Law Guardian’s contentions are valid the Family Court must dismiss the petition for lack of jurisdiction. However, the petition cannot properly include a violation of section 145.30 of the Penal Law .since the acts of the respondent do not constitute the posting of an advertisement.
Section 145.30 of the Penal Law provides that:
“ 1. A person is guilty of unlawfully posting advertisements when, having no right to do so nor any reasonable ground to believe that he has such right, he posts, paints or otherwise affixes to the property of another person any advertisement, poster, notice or other matter designed to benefit a person other than the owner of the property.
“ 2. Where such matter consists of a commercial advertisement, it shall be presumed that the vendor of the specified product, service or entertainment is a person who placed such advertisement or caused it to be placed upon the property.
“ Unlawfully posting advertisements is a violation.”
The term advertise means an act or practice of attracting public notice and attention. It includes all forms of public announcement which are intended to aid directly or indirectly in the furtherance or promulgation of an idea, or in directing attention to a business, commodity, service or entertainment. The idea underlying the word has reference not so much to the vehicle or instrumentality used for getting the notice before the public, as to the diffusion, or the bringing home to the public, or of the information or matter contained in the notice. (See 3 Am. Jur. 2d, Advertising, § 1, p. 356.)
The painting of the words “ Satan Spades” does not fall within the definition of an advertisement, and even if it did, this does not preclude the filing of a petition for a higher degree of the crime of criminal mischief.
Section 701.1 (e) of the New York City Transit Rules and Regulations provide that: “ No person shall write, paint or draw any inscription or figure on any transit facility. ’ ’ The argument that the transit rules coyer this type of conduct is a fact but this does not necessarily mean that the transit rules pre-empt the provisions of the Penal Law;' they coexist. (See Transit. Rule, § 700.2 (f) which provides that: “ These rules are in addition to and supplement all municipal, state and federal laws and ordinances.”)
Therefore, after reading the notice of motion and upon all the memoranda filed herein, the motion to dismiss is hereby denied in *372 all respects and the case is calendared for February 6, 1973 for a full fact-finding hearing at which time testimony will be taken to determine if this respondent committed acts which if done by an adult would constitute the crime .of criminal mischief as defined by section 145.00 of the Penal Law.